OPINION OF THE COURT
Alfred J. Weiner, J.
Plaintiff seeks to foreclose a mortgage executed by defendant DeMaio to Churchill Conservation Services, Inc. (Churchill), plaintiffs predecessor in interest. This 30-year mortgage and *373 note which provided for a 9% interest rate were sold by the trustee of Churchill’s bankruptcy estate and subsequently assigned to plaintiff.
Prior to its filing for bankruptcy, Churchill solicited funds from individuals as investment loans. In exchange for these loans it assigned fractional mortgage notes of the DeMaio mortgage which were memorialized by two types of documents: fractional assignments of mortgage that were recorded in the County Clerk’s offices and documents entitled “Mortgage Notes-Mortgage Guaranteed.” These fractional mortgage notes were guaranteed and had a one-year duration as opposed to the 30-year term of the DeMaio note. Additionally, the interest rate specified in the terms of these notes was ll1/2% as opposed to the 9% interest rate on the DeMaio note. The investors never took possession of the original DeMaio note and mortgage which were retained by Churchill.
Plaintiff contends that the cross movants’ fractional assignments of mortgage from Churchill represent loans made by them with a guaranteed return on their investment from Churchill. As a result, these assignments do not entitle them to the proceeds from any foreclosure sale but merely give them, at best, an unperfected security interest in the DeMaio note. Additionally, defendants’ interest is subordinate to plaintiff’s interest and may be extinguished through the within foreclosure action. Therefore, it is entitled to summary judgment dismissing the complaint.
Defendants contend that they are entitled to a share of the foreclosure proceeds since they have a perfected security interest in the note. Therefore, they are entitled to summary judgment.
A guaranteed return of investment, participation that lasts for a shorter period of time than the underlying obligation, different payment arrangements between borrower and lead lender and lead lender and participant, and a discrepancy between the interest rate in the underlying note and the interest rate specified in participation, are the factors indicating an intention to create a loan instead of a mortgage participation plan. (In re Coronet Capital Co., 142 BR 78; In re Churchill Mtge. Inv. Corp., 233 BR 61.) Additionally, in the case of a collaterally assigned note, the assignee must take possession of the note in order to perfect its security interest in the instrument. (UCC 9-312 [b]; Federal Deposit Ins. Corp. v Forte, 94 AD2d 59.)
The court is aware and sympathetic to the fact that these defendants were induced by Churchill’s principal, as part of a *374 fraudulent scheme, to loan money to him for investments which were supposedly secured by the DeMaio note and mortgage and that this person pleaded guilty to certain criminal charges. However, plaintiff has demonstrated as a matter of law that defendants’ sole interest resulting from their investments with Churchill was that of lender and creditor. Therefore, defendants’ interest is subordinate to plaintiffs interest in the foreclosure proceeds. Furthermore, defendants have failed to raise a triable issue of fact. Therefore, plaintiffs motion for summary judgment is granted and the cross motion is denied.